**NOT FOR PUBLICATION**

## FILED

UNITED STATES COURT OF APPEALS

MAY 27 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRANDON T. GATES,<br><br>              Plaintiff-Appellant,<br><br>  v.<br><br>JOSE BRIONES, Chief Jail Administrator, Island County Corrections; WILLIAM E. BECKER, Lieutenant, Island County Corrections,<br><br>              Defendants-Appellees. | No.    21-35044<br><br>D.C. No. 2:20-cv-00536-RAJ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted May 17, 2022[**]

Before:      CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Former Island County pretrial detainee Brandon T. Gates appeals pro se

from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging

various constitutional claims.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004).  We affirm.

The district court properly granted summary judgment on Gates's failure-to-protect claim because Gates failed to raise a genuine dispute of material fact as to whether any defendant put him "at substantial risk of suffering serious harm" and "did not take reasonable available measures to abate that risk."  *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc).

The district court properly granted summary judgment on Gates's equal protection claim because Gates failed to raise a triable dispute as to whether any defendant "acted at least in part *because of*" his race or any other protected status. *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003).

The district court properly granted summary judgment on Gates's dietary and medical needs claim because Gates failed to exhaust his administrative remedies and failed to raise a triable dispute as to whether administrative remedies were effectively unavailable.  *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (proper exhaustion requires "using all steps that the agency holds out and doing so properly (so that the agency addresses the issues on the merits)" (emphasis, citation, and internal quotation marks omitted)); *see also Ross v. Blake*, 578 U.S. 632, 643-44 (2016) (describing limited circumstances in which administrative remedies are unavailable).

The district court did not abuse its discretion in resolving Gates's various discovery motions. *See Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) ("A party seeking additional discovery under Rule 56(d) must explain what further discovery would reveal that is essential to justify its opposition to the motion for summary judgment."). The district court instructed Gates that he could utilize "appropriate discovery methods" in accordance with the Federal Rules of Civil Procedure.

The district court did not abuse its discretion in failing to sua sponte grant Gates leave to amend his complaint in response to defendants' motion for summary judgment. *See Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991), *abrogated on other grounds by Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683 (9th Cir. 2001) ("The timing of the motion, after the parties had conducted discovery and a pending summary judgment motion had been fully briefed, weighs heavily against allowing leave. A motion for leave to amend is not a vehicle to circumvent summary judgment.").

**AFFIRMED.**

21-35044